McLANE, RALPH M., Associate Judge.
This is an appeal from a final decree reforming an insurance policy issued by the appellant. The insurance company issued a liability policy to afford protection for hazards arising from the promotional activities engaged, in for the benefit of the tenants-members of the Taft-Hollywood Shopping Center. The policy erroneously insured Taft-Hollywood Merchants Association, Inc., a non-profit corporation, which was nonexistent as a corporation at the time the policy was issued and never came into being. Taft-Hollywood Merchants Association was an unincorporated association composed of a number of merchants occupying space in the shopping center. Some six months after the policy was in force, while the Merchants Association was engaged in activities upon the parking area of the center to promote its membership, a platform collapsed resulting in several claims for personal injuries. The insurance company refused to accept the responsibility for adjusting or defending claims arising therefrom, taking the position the insured was the non-profit corporation named in the policy, not the unincorporated association. Hence, this suit was filed seeking to reform the policy and declare the rights of the parties.
*348 Upon the evidence adduced at the final hearing, the trial judge entered a decree reforming the policy nunc pro tunc “so that the named insured be described as ‘Taft Hollywood Merchants Association, not incorporated’ ” to conform to the “true intent of the parties.” The court further declared that Publix Market, Inc., as a member of the Merchants Association, was entitled to all the benefits of the policy from date of issuance. The appellant attacks the sufficiency of the evidence. Careful examination and consideration of the record convinces us that the trial judge correctly found the plaintiff had sustained the burden of proving by clear and convincing evidence its right to relief. Old Colony Insurance Co. v. Trapani, Fla. App.1960, 118 So.2d 850; Sobel v. Lobel, Fla.App.1964, 168 So.2d 195.
The position of the appellant that indispensable parties were not joined, that is to say, all merchants composing the unincorporated association, is without merit. The real party in interest was Publix Market, Inc., as it had sustained losses. The benefits of the policy were granted it as a member of the non-incorporated association. The remaining members of the association may be proper but not essential parties plaintiff.
A post-trial motion to tax costs was heard by another judge. His order taxed court costs and attorney’s fee in the declaratory proceeding. Also, he found that one-third of coürt costs, attorney’s fee and judgment rendered in a separate proceeding as well as costs and attorney’s fee in a third suit were proper items of cost to be allowed in the instant proceeding. The sums allowed arose by reason of claims under the policy, as reformed, but maturing before entry of the final decree herein.
The decree now on appeal fixed the liability of the insurance company generally by> reforming the policy to the extent of correcting the named insured. Costs and damages allowed in an order finalizing the rights and benefits inuring to Publix Market, Inc., are items which properly may be assessed in this proceeding.
Affirmed.
ANDREWS, Acting C. J., and CROSS, J., concur.