305 So.2d 877 (1974)
BOSTON OLD COLONY INSURANCE COMPANY, Appellant,
v.
Virginia M. POPPLE, Etc., Appellees.
No. U-373.
District Court of Appeal of Florida, First District.
December 31, 1974.
*878 Edwin C. Cluster, Ayres, Cluster, Tucker, Curry & Meffert, Ocala, for appellant.
Eric E. Wagner, St. Petersburg, Robert P. Beatty, John M. Green, Jr., Green, Simmons & Green, Ocala, and Monroe E. McDonald, Sanders, McEwan, Mims & McDonald, Orlando, for appellees.
McCORD, Judge.
This is an appeal from a judgment of reformation of an automobile insurance policy. The policy is the type known as "fleet" insurance coverage which appellee, Virginia M. Popple, had acquired from appellant, Boston Old Colony Insurance Company, through that company's agent, Wade-Noland Insurance Agency. The policy was acquired and written to cover motor vehicles used by Popple in her business. The lawsuit arose out of an automobile accident in which appellee, Stanley L. White, was injured when struck by a 1965 Ford pickup truck owned by Popple and used in her business, Silver Springs Nursery and Landscape Company. Popple contended the vehicle was covered by her insurance policy but appellant denied liability because the vehicle had been deleted from the "fleet" insurance coverage by endorsement. The question before the trial court and the question presented on this appeal is whether or not the vehicle was deleted as the result of a mutual mistake of the parties. The pertinent findings of the trial court on this question as stated in its judgment of reformation are as follows:
"2. On May 8, 1967, BOSTON OLD COLONY INSURANCE COMPANY issued Policy L-0-74-56-05 and it and its substitutes and replacements were intended by BOSTON OLD COLONY INSURANCE COMPANY and by VIRGINIA M. POPPLE to be fleet policies covering all motor vehicles of VIRGINIA M. POPPLE, doing business as SILVER SPRINGS NURSERY AND LANDSCAPE COMPANY, in operation and bearing current license tags.
3. Shown on the original BOSTON OLD COLONY INSURANCE COMPANY policy Number L-0-74-56-05 is a certain 1965 Ford pickup truck bearing Vehicle Identification Number F10JN684080 owned by SILVER SPRINGS NURSERY AND LANDSCAPE COMPANY, an unincorporated business owned by VIRGINIA M. POPPLE. This pickup truck continued to be carried on subsequent policies issued by BOSTON OLD COLONY INSURANCE COMPANY up to and including that policy for the period of May 8, 1970 to May 8, 1971, bearing Number L150-07-77.
4. BOSTON OLD COLONY INSURANCE COMPANY Policy L150-07-77 for the period of May 8, 1970 to May 8, *879 1971 initially carried the 1965 Ford pickup truck heretofore described and during the entire term of said policy, the 1965 Ford pickup truck possessed a valid Florida license tag and was in constant use by VIRGINIA M. POPPLE, doing business as SILVER SPRINGS NURSERY AND LANDSCAPE COMPANY. This policy of insurance also carried a certain 1958 Ford F-600, 8 cylinder, cab-over-engine flatbed motor vehicle bearing Vehicle Identification Number F60L8N13149 which was and had been inoperable and incapable of being used in the operation of VIRGINIA M. POPPLE, and said truck was not used by the said VIRGINIA M. POPPLE during the entire term of said insurance policy L150-07-77. Irrespective of the above and contrary to the intent of the parties, the 1965 Ford pickup truck bearing Vehicle Identification Number F10JN684080 was through inadvertence and mutual mistake of BOSTON OLD COLONY INSURANCE COMPANY and VIRGINIA M. POPPLE removed from said insurance policy contrary to the express intent of both parties while the 1958 Ford flatbed motor vehicle bearing Vehicle Identification Number F60L8N13149 continued to be carried on said policy although same was inoperable and unlicensed.
5. The deletion of the 1965 Ford pickup truck bearing Vehicle Identification Number F10JN684080 from BOSTON OLD COLONY INSURANCE policy was by the mutual mistake and inadvertence of both parties in that both BOSTON OLD COLONY INSURANCE COMPANY and VIRGINIA M. POPPLE were under the impression that the vehicle being removed was a non-operative motor vehicle possessing no valid license tag although in reality the motor vehicle was fully operating, being used in the day to day business of SILVER SPRINGS NURSERY AND LANDSCAPE COMPANY and did possess a valid Florida license tag.
6. In order to conform with the intention of the parties that the BOSTON OLD COLONY INSURANCE COMPANY Policy L150-07-77 include all licensed and operating vehicles of SILVER SPRINGS NURSERY AND LANDSCAPE COMPANY and the belief of the parties hereto that, in fact, all operating motor vehicles bearing current license tags were covered under said policy, the ends of justice require reformation of the above insurance policy in order to conform same with the intent of the parties."
Appellant contends that for reformation there must be a mutual mistake of fact; that there is a strong presumption that the contract of insurance expresses the intent of the parties and to overcome this presumption and obtain reformation on the ground that the parties have made a mutual mistake of fact, the evidence must be clear and convincing. Appellant contends that the mistake in removing this vehicle from the fleet coverage was a unilateral mistake of Popple. While appellant has correctly stated the applicable principles of law, the trial judge disagreed with appellant's application of those principles to the evidence of this case and his findings carry a strong presumption that they are correct. From our analysis of the record, the briefs and the arguments of counsel, we find clear and convincing evidence to support the trial court's ruling. Such evidence reflects that on May 8, 1967, Gerald Noland, of Wade-Noland, appellant's agent, had his first conversation with Popple and she related that she wanted all of her vehicles which were on the road to be covered under the policy of insurance. She took out a fleet policy on Noland's recommendation and she thereafter had complete dependence on him for her insurance needs. Throughout all of her dealings with him, it was both her intent and his intent that the fleet policy would cover all vehicles owned by her which were operated and licensed.
*880 Prior to the issuance of the policy for the year 1970-71, Floyd Popple, son of Virginia, was in Wade-Noland's office and as he was leaving, he was called to Gerald Noland's secretary's desk so that she could discuss with him Virginia's insurance. The testimony does not reflect that Floyd Popple was acquainted with his mother's insurance or that he was in any way authorized to act on her behalf. To the contrary, the record discloses that all of Noland's dealings were directly with Virginia. During the course of this conversation with Floyd, Noland's secretary evidently made an erroneous notation beside the 1965 Ford pickup truck in question (on Noland's list of Popple's vehicles) that it had "no tag." Evidently during the course of Noland's later conversation with Virginia she indicated that the truck with "no tag" should be deleted and a memo to this effect was made by Noland. It is not clear whether she, through error, specifically identified to Noland the wrong vehicle to be deleted or whether it was identified only as the vehicle with "no tag." Irrespective of Noland's memo, the policy as issued included the 1965 pickup truck but subsequent to the issuance of the policy, Noland prepared an endorsement which deleted it. At the time the 1965 pickup truck was deleted and during all of the policy period, it was being used continuously in the business of Virginia and, contrary to Noland's memo and the "no tag" notation beside it on his vehicle list, it carried a valid license tag. During this same period, however, a 1959 Ford pickup truck and a 1958 Ford F-600, 8 cylinder, flatbed truck were not licensed, were inoperative, and had been placed on blocks. The 1959 pickup was deleted from the policy by endorsement in 1969 but the 1958 Ford flatbed continued to be carried on the policy and a premium was assessed for it although no benefit for it was being received from the policy. In addition, the premium on this nonoperable Ford flatbed was $88 higher than the premium would have been on the deleted 1965 Pickup. It is apparent from the circumstances that through mistake the operating 1965 Ford pickup was dropped from coverage when the intent was to drop the inoperable 1958 Ford flatbed. The mistake was mutual because both Noland and Popple intended to cover the operating vehicles and not to cover the inoperable vehicles.
Appellant cites Old Colony Insurance Company v. Trapani, Fla.App. (2nd), 118 So.2d 850. There our sister court held reformation of an insurance policy would not be ordered because it was manifest that at the time the policy was issued neither party contemplated the type coverage sought in the suit for reformation. Such is not parallel to the question presented in the case at bar.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.