339 So.2d 1123 (1976)
Steven MARKS, a Single Man, et al., Appellants,
v.
The TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, Appellee.
No. 75-1604.
District Court of Appeal of Florida, Third District.
November 2, 1976.
*1124 Ehrich & Zuckerman, Miami, for appellants.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
Appellants, defendants below, appeal a final judgment dated September 18, 1975, entered by the trial court in favor of appellee, plaintiff below.
The final judgment entered by the trial court after a nonjury trial reads, in pertinent part, as follows:
"FINDINGS OF FACT

"1. It is undisputed between respective parties that the accident occurred on April 25, 1972 and that STEVEN MARKS was seriously injured when he was allegedly struck by a phantom vehicle and then subsequently by a third vehicle. Said phantom vehicle is covered under the uninsured motorist coverage on the vehicle operated by STEVEN MARKS on the date of the accident.
"2. On the date of the accident, the vehicle operated by STEVEN MARKS was a 1971 MG coupe and it was owned and titled in the name of CHARLIE'S AUTO PARTS AND SERVICE, INC. and was furnished to WALTER MARKS for his use in the business. WALTER MARKS, on the date of the accident, allowed his son, STEVEN MARKS, to use the car with his permission.
"3. On the date of the accident, CHARLIE'S AUTO PARTS AND SERVICE, INC. was insured with TRAVELERS INDEMNITY COMPANY under a standard commercial policy effective from May 1, 1971 to May 1, 1972 and a copy of the policy was attached to the Petition for Declaratory Relief filed by TRAVELERS INDEMNITY COMPANY. Said insurance policy covered seven (7) listed vehicles owned by CHARLIE'S AUTO PARTS AND SERVICE, INC. and insured each vehicle for uninsured motorist coverage as well as medical pay with the exception that only six (6) vehicles were covered by medical payments instead of seven (7).
"4. Subsequent to the subject accident, a Demand for Arbitration was filed with the American Arbitration Association against TRAVELERS INDEMNITY COMPANY. TRAVELERS INDEMNITY COMPANY, after being advised of the accident and the injuries sustained by STEVEN MARKS, tendered its TEN THOUSAND DOLLARS ($10,000.00) uninsured motorist coverage plus ONE THOUSAND DOLLARS ($1,000.00) medical payments plus FIVE THOUSAND DOLLARS ($5,000.00) PIP benefits as required under the Florida Automobiles Reparations Reform Act also known as No-Fault.
"5. At this point in time a dispute arose between TRAVELERS and CHARLIE'S as to the amount of uninsured motorist coverage which was available for STEVEN MARKS and also the amount of medical pay coverage which was available for STEVEN MARKS. As a consequence of this dispute, TRAVELERS filed a Petition for Declaratory Relief to ascertain their rights and liabilities under the aforesaid policy with the result that this matter proceeded to a nonjury Trial on May 6, 1975.
"6. The Court, in addition to the foregoing undisputed facts, finds additionally the following:
"(a) At no time was there sufficient evidence introduced on behalf of the Defendants to show that the vehicle operated by STEVEN MARKS was, in fact, intended to be a family automobile and not a corporate vehicle so that some analogy might be made because of use that the vehicle should more properly be interpreted as a family automobile thereby allowing a family type policy interpretation when, in fact, the vehicle is actually a corporate *1125 automobile and covered under the commercial policy issued by the Plaintiff.
"(b) Insufficient evidence was introduced to show that TRAVELERS was required to increase its uninsured motorist limits from TEN THOUSAND DOLLARS ($10,000.00) per vehicle to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) per vehicle.
"(c) The evidence introduced shows that the vehicles operated by CHARLIE'S AUTO PARTS AND SERVICE, INC. were clearly intended as commercial vehicles for tax purposes and at no time were intended to be family type automobiles or to be considered as owned by the individuals for whose use they were furnished.
"(d) The endorsement introduced into evidence of April 21, 1971 naming individuals as insureds is for the policy previous to the one in dispute and no evidence was ever introduced that the individuals were named on the policy in question as it pertained to the motor vehicles but only insofar as it pertained to certain other coverages not material to this dispute. The Defendants cannot create new coverage when none existed before as they have attempted to do so by their argument.
"(e) The broad form coverage referred to by the Defendants in their argument, referred to a non-owned automobile and would have created coverage in such a situation except for the fact that the vehicle in question in this lawsuit was a car listed and owned by CHARLIE'S AUTO PARTS AND SERVICE, INC. and WALTER MARKS was not named as the owner in any way nor was STEVEN MARKS or MIRIAM MARKS.
"(f) The Kloo -vs- Travelers Indemnity Company, Circuit Court Case No. 72-19962 and Allstate Insurance Company -vs- Baer, Circuit Court Case No. 74-14985 both of the Eleventh Judicial Circuit can be distinguished from the case at bar because they concern policies issued subsequent to January 1, 1972 and, therefore, would not be applicable. The same rationale can be applied to the case of Townsley -vs- Hartford Accident and Indemnity Company, Case No. 74-49 from the Federal District Court for the Middle District of Florida in that that case also dealt with a policy delivered, issued for delivery or renewed in Florida after January 1, 1972 and further can be distinguished because it dealt with a different aspect, namely, `underinsured' insurance which is not the subject of this dispute. It is further important to note that none of the cases cited by the Defendants are binding upon this Court and would only be considered persuasive at best and for the reasons outlined above, are inapplicable.
"(g) The consitutional argument advanced by the Defendants is dismissed as having no merit under the circumstances as the legislature's clear intention is outlined in the statute and provided for an orderly transition of policies which were delivered, issued for delivery or renewed in this state with an inception date on or after January 1, 1972 and to accept such an argument as advanced by the Defendants would be equally unconstitutional as it applied to the Plaintiff.
"NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS CONSIDERED, ORDERED AND ADJUDGED:
"1. The vehicle in question was a commercial automobile and not a personal automobile and, therefore, the amount of uninsured motorist coverage available on said vehicle was TEN THOUSAND DOLLARS ($10,000.00) and not ONE HUNDRED THOUSAND DOLLARS ($100,000.00). The Plaintiff was under no obligation to increase the limits to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) automatically or by way of notice to the Defendants until after the expiration date of the policy on May 1, 1972 which date was subsequent to the date of the accident forming the subject matter of this dispute. Further a reading *1126 of the history of the statute clearly shows this was the intention of the Legislature in passing same.
"2. The Defendants cannot stack uninsured motorist coverage because the vehicle in question was a commercial vehicle and covered under a commercial automobile policy. To rule otherwise would result in absurd consequences and would upset the commercial insurance structure as it is known and further, this Court is persuaded by the arguments advanced in the case cited by the Plaintiff of Cunningham -vs- INA [213 Va. 72], 189 S.E.2d 832 (Supreme Court Virginia 1972).
"3. For the same reasons, Defendants cannot stack Med Pay and the only available medical payments coverage available to the Defendants is the sum of ONE THOUSAND DOLLARS ($1,000.00).
"4. A Motion to Tax reasonable Costs may be submitted at a later date to be considered by this Court."
Appellants contend on appeal (1) that a policy of automobile liability insurance, covering uninsured vehicle coverage, delivered after January 1, 1972, had statutory uninsured motorist coverage up to the limits of the liability insurance purchased, and (2) that there is no statutory distinction between vehicles titled in a family corporation or those titled in an individual for purposes of invoking insurance benefits under a policy issued for uninsured vehicle coverage and, further, a beneficiary under a multiple vehicle insurance policy is covered separately under the coverage for each vehicle and the benefits are stacked.
Appellee contends (1) that a policy of insurance with an inception date prior to January 1, 1972, was not covered by the Chapter 71-88 amendments to the uninsured motorist statute, and (2) uninsured motorist coverage provided in a commercial policy cannot be "stacked" in the same manner as in a private or family policy.
On appeal, a judgment of the trial court is generally presumed to be correct and the burden rests upon the appellant to clearly demonstrate any error which is claimed to have been committed in the rendition of the judgment appealed. See, e.g., 2 Fla.Jur., Appeals §§ 314, 316, 346, and the cases cited therein. Based upon these principles, in the instant appeal we have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.