368 So.2d 603 (1979)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,
v.
Rosalie RICHENDOLLAR, Administratrix of the Estate of Frank Richendollar, Deceased, Appellee.
No. 78-1447.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Rehearing Denied March 13, 1979.
Patrick J. Murphy of Crabtree, Butler, Syprett & Meshad, Sarasota, for appellant.
George W. Thomas, Jr., Sarasota, for appellee.
SCHEB, Judge.
The question we now address is whether a corporate stockholder/officer is entitled to "stack" the uninsured motorist coverage under the corporation's automobile insurance policy.
Frank Richendollar was vice president and a major stockholder of Bellaire Construction Company. While driving one of Bellaire's four motor vehicles Richendollar was killed in a collision with a car driven by an uninsured motorist.
All of Bellaire's vehicles were insured under a comprehensive automobile insurance policy issued on January 14, 1975, by appellant Hartford Accident and Indemnity Company. The trial court held that Richendollar's estate was entitled to aggregate or "stack" the uninsured motorist coverage provided by the Hartford policy. Under the court's order the Richendollar estate would have been permitted to multiply its $15,000 uninsured motorist protection by its four insured vehicles and thereby have $60,000 coverage. On authority of Travelers Insurance Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla. 1977) we reverse.[1]
The concept of aggregating or "stacking" uninsured motorist coverage was first approved in Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973). Stacking is derived from the presumption that where the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy the extra *604 protection for himself and his family, regardless of whether the injury occurs in any one of his insured vehicles or elsewhere. In Travelers Insurance Co. v. Pac, supra, we refused to extend this concept to the situation where a corporate employee is injured by an uninsured motorist while operating his employer's vehicle. See also GEICO v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977). In Tucker v. GEICO the supreme court predicated its holding on the familial relationship between the named insured and the injured person. We held in Travelers Insurance Co. v. Pac that the Tucker rationale does not require that an employee be allowed to stack his employer's coverage, because in such an instance the familial relationship is absent.
Appellee seeks to sustain the trial court's view by pointing out that the late Mr. Richendollar, because of his corporate position, was more directly identified with the Bellaire Construction Company than the ordinary employee. Despite the closer identity of Richendollar to the named insured, i.e., the corporation, we cannot find that this presents a significant reason to distinguish this case from the rationale of Travelers Insurance Co. v. Pac.
Accordingly, we reverse the order appealed and remand for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The reader should note that § 627.4132, Fla. Stat. (1977), which became effective October 1, 1976, provides:

If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), holds that § 627.4132 is not applicable to insurance policies issued prior to the effective date of this section.