379 So.2d 131 (1979)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
George SEARLE and Kay Searle, Individually and As Executors of the Estate of Lisa M. Searle, et al., Appellees (Two Cases).
TRAVELERS INDEMNITY COMPANY, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, George Searle and Kay Searle, Individually, and As Executors of the Estate of Lisa M. Searle, Etc., et al., Appellees.
Nos. 76-2427, 76-2451 and 77-313.
District Court of Appeal of Florida, Fourth District.
December 19, 1979.
Rehearing Denied February 13, 1980.
*132 Richard M. Gale and Stephens & Schwartz, Miami, for appellant, Liberty Mutual.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellant, Travelers.
Michael Olin of Podhurst, Orseck & Parks, P.A., Miami, and Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for appellees, Searle.
BERANEK, Judge.
These are consolidated appeals taken by two insurance carriers from a final judgment determining uninsured motorist coverage and from a subsequent order awarding attorneys' fees against the carriers. The appellees were the uninsured motorist coverage claimants below.
The facts are as follows. Lisa Searle and Lucine Seropian were passengers in a car driven by Susan Connolly which was involved in an accident on May 13, 1975, when it collided with a car driven by Donald Mitchell. The three girls in the Connolly car were killed and the parents of Lisa Searle were plaintiffs in a suit against Donald Mitchell who was alleged to be the negligent tortfeasor in the accident. It was also asserted that Mitchell was an "uninsured motorist." Susan Connolly, the driver of the vehicle in which Lisa Searle was a passenger, was a resident of her parents' home. Mr. and Mrs. Connolly owned two cars, one of which was involved in this accident. Lisa Searle resided with her parents who also owned two cars.
The insurance coverage issued in regard to the various automobiles involved in the accident and other automobiles owned by the various insured was as follows. The two cars in the Connolly household were covered by Liberty Mutual Insurance Company who had issued a single policy covering both cars. The Liberty policy provided uninsured motorist coverage of $50,000. Travelers Insurance Company had issued a policy covering the two Searle automobiles and this policy provided uninsured motorist coverage of $25,000. Mr. Mitchell was covered by an insurance policy issued by Aetna Casualty & Surety Company which provided limits of $100,000 and $300,000.
Suit was initially filed by various plaintiffs against the alleged tortfeasor Mitchell and a settlement was reached between Mitchell and all plaintiffs. As a result of this settlement, Aetna Casualty & Surety Company was dismissed and it was agreed that Aetna had paid its limits of $100,000 on the Searle liability claims against Mitchell.
After the above settlement, appellees, the parents of Lisa Searle, asserted they had an uninsured motorist claim against their own insurance company, Travelers, and against the company covering the Connollys, Liberty Mutual. This uninsured motorist coverage claim was sustained by the trial court and the insurers now seek to overturn the coverage ruling and the attorneys' fees awarded incident thereto.
After a non-jury trial, the Circuit Court entered a final judgment on October 15, 1976. This judgment found that the Searles were entitled to stack the Travelers uninsured motorist coverage of $25,000 on each of the two Searle automobiles and the Liberty Mutual uninsured motorist coverage of $50,000 on each of the two Connolly *133 automobiles. The court held that the Travelers coverage of $25,000 on two cars resulted in available uninsured motorist coverage of $50,000 and that an additional $100,000 uninsured motorist coverage was present under the Liberty Mutual policy by stacking the $50,000 per car coverage in that policy. The trial court concluded that after stacking the two Liberty coverages ($100,000) and the two Travelers coverages ($50,000) that the uninsured motorist claimants had a combined total of $150,000 uninsured motorist coverage.
The trial court concluded the available $150,000 uninsured motorist coverage exceeded the $100,000 liability coverage present under the Aetna policy, and that claimants had a meritorious uninsured motorist claim against appellants. The trial court also held that the $100,000 actually paid to the Searles on their liability claim against the tortfeasor Mitchell did not constitute a set-off which could be relied upon by the uninsured motorist carriers.
In short, the ruling was that the passengers' two U.M. coverages could be stacked with host's two U.M. coverages and that the total U.M. coverage was in excess of the liability coverage by some $50,000. After reaching this conclusion, the court concluded the liability coverage which had actually been paid was not a set-off which the U.M. carriers could rely upon. We find error and reverse.
Initially, it should be noted that Section 627.4132, Florida Statutes (1977) does not apply to this claim because the accident occurred before October 1, 1976. We are thus required to analyze the law of stacking and the definition of an insured prior to this anti-stacking statute.
We start with the proposition that stacking of various uninsured motorist coverages is generally proper in this type situation. In Lezcano v. Leatherby Insurance Co., 372 So.2d 214 (Fla. 4th DCA 1979), this Court specifically ruled that a passenger in an automobile who was injured by the negligence of a driver of another automobile may stack his own uninsured motorist coverage with that of his host driver in order to declare the negligent tortfeasor an "uninsured" motorist pursuant to Section 627.727(3)(b), Florida Statutes (1975). In so holding this Court relied upon United States Fidelity & Guaranty Co. v. Curry, 371 So.2d 677 (Fla. 3d DCA 1979). Therein the Third District Court of Appeal held an injured person driving a truck owned by another could stack his personal uninsured motorist coverage and the uninsured motorist coverage issued to the owner of the vehicle. The Third District rejected the carrier's argument based on Government Employees Insurance Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977), which holds to the contrary. Appellants in the instant case rely upon the Taylor case as initially decided by the First District, however, the First District has since receded from this holding. See Main Insurance Co. v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977). Our Supreme Court in Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966), also supports the view that would allow some stacking under the present circumstances.
The above general discussion does not, however, definitely answer the questions presented. Here the trial court correctly allowed stacking of the two Travelers coverages but we conclude the court erred in stacking the two Liberty Mutual coverages. Lisa Searle, as a permissive passenger in the Connolly vehicle, could take advantage of the uninsured motorist coverage on that particular vehicle. She could not, however, take advantage of the additional coverage on the other Connolly automobile with which she had no relationship whatsoever. This result is supported by the Supreme Court's decision in Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971). Lisa Searle did not become an insured under the two Liberty Mutual coverages by occupying one automobile insured by this carrier. The trial court erred in ruling to the contrary.
In view of these rulings we conclude appellees could stack one Liberty coverage of $50,000 and their own two coverages of $50,000 for total uninsured motorist coverage *134 of $100,000. This is precisely the amount of the tortfeasor's liability coverage which was actually paid to the Searles. Under such circumstances, there was no valid uninsured motorist claim because the uninsured motorist coverage did not exceed the liability coverage. See Section 627.727(3)(b), Florida Statutes (1975).
The trial court also erred in expressly ruling that the liability coverage would not be a set-off. See Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), which specifically holds that such coverage is a set-off. The trial court also erred in assessing attorneys' fees based on the finding of a proper uninsured motorist claim.
The final judgment below is reversed and the matter remanded with directions to enter judgment in favor of appellants, the two uninsured motorist carriers.
REVERSED AND REMANDED.
DAUKSCH, JAMES C., Jr., and GREEN, OLIVER L., Jr., Associate Judges, concur.