399 So.2d 536 (1981)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Francisco MARTIN, as Personal Representative of the Estate of Francisco Martin, Jr., Appellee.
No. 80-414.
District Court of Appeal of Florida, Third District.
June 16, 1981.
*537 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and W. Sam Holland, Miami, for appellant.
Greene & Cooper and Sharon L. Wolfe and Marc Cooper, Miami, Grover, Ciment, Weinstein & Stauber, Miami Beach, for appellee.
Before HUBBART, C.J., and SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
The insurer appeals from a judgment confirming a $50,000 arbitration award in an uninsured motorist-wrongful death case. We reject each of its arguments for reversal and hold that:
(a) The numerous procedural defects in the arbitration and the circuit court proceedings below did not adversely affect the substantial rights of the appellant so as to interfere with an appropriate determination of the merits,[1]Griffin v. Workman, 73 So.2d 844 (Fla. 1954); Kest v. Nathanson, 184 So.2d 690 (Fla. 4th DCA 1966); Section 682.14(1)(c), Florida Statutes (1979);
(b) In view of the clear and unrebutted testimony that a simple mistake had been made, the policy was properly reformed to change the named insured from Felix Martin to Francisco Martin, Sr., the father of the decedent, Francisco, Jr.; Poland v. Phillips, 371 So.2d 1053 (Fla.3d DCA 1979); Boston Old Colony Ins. Co. v. Popple, 305 So.2d 877 (Fla. 1st DCA 1974); see Hanover Ins. Co. v. Publix Market, Inc., 198 So.2d 346 (Fla. 4th DCA 1967); and
(c) Under the applicable pre- § 627.4132 law,[2] since Francisco, Jr. was a relative of the named insured residing in his household and therefore a "class one" additional insured,[3] the $15,000 UM limits *538 for the four vehicles so-insured by the policy[4] were correctly stacked for a total of $60,000 in available coverage.
Affirmed.
NOTES
[1] The term "harmless error" may not be properly applied because, while several essentially immaterial flubs were committed by both sides and the arbitrators as well, the only one who did not err, harmlessly or otherwise, was the trial judge. Perhaps a new doctrine of "meaningless mistake" should instead be employed to describe the occurrences below.
[2] See Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978).
[3] The controlling cases require stacking of coverage afforded either a named or a "class one" omnibus insured, e.g., United States Fidelity & Guaranty Co. v. Curry, 395 So.2d 530 (Fla. 1981), and cases cited; Liberty Mutual Ins. Co. v. Searle, 379 So.2d 131 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); Florida Farm Bureau Casualty Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1978), cert. denied, 381 So.2d 764 (Fla. 1980), but preclude it as to coverage available only because the claimant is occupying an insured vehicle and is thus a so-called "class two" insured under Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971). Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla.2d DCA 1976), cert. denied, 351 So.2d 407 (Fla. 1977); Marks v. Travelers Indemnity Co., 339 So.2d 1123 (Fla.3d DCA 1976); Hartford Accident & Indemnity Co. v. Richendollar, 368 So.2d 603 (Fla.2d DCA 1979).

Citing Pac, Marks, and Richendollar, Lumbermens contends that stacking is never permitted when a "commercial," as opposed to a "personal," automobile policy is involved. We do not decide whether the instant policy (which insured, among others, several vehicles used by Martin, Sr. in his landscaping business) may properly be so characterized because the law of stacking draws no such distinction. Neither the nature and purpose of the insured vehicles nor the kind of policy involved makes any difference in deciding the stacking issue. Florida Farm Bureau Casualty Co. v. Andrews, supra (stacking required of coverage provided named insured for six pickup trucks insured in single "fleet" policy); see Cox v. State Farm Mutual Automobile Ins. Co., 378 So.2d 330 (Fla.2d DCA 1980), quoted with approval in Curry, supra. While there are some broad references, particularly in Marks, to the non-stackability of "commercial automobile" policies in general, the results in Pac, Marks, and Richendollar all turn on the fact that, in each case, the named insured was a corporation, and that neither the injured person nor anyone else could therefore qualify as a "class one" additional insured. In this case, in which the named insured is an individual and the claimant a "class one" resident relative, stacking is required.
[4] The stacking concept clearly applies not only to separate policies but, as in this case, to the aggregation of the coverage applicable to each of multiple vehicles covered by a single policy. Liberty Mutual Ins. Co. v. Searle, supra; Tucker v. Government Employees Ins. Co., 288 So.2d 238 (Fla. 1973); Liberty Mutual Ins. Co. v. Furman, 341 So.2d 1056 (Fla.3d DCA 1977); Florida Farm Bureau Casualty Co. v. Andrews, supra.

While the stacking of vehicles insured in one policy was precluded by § 627.4132, Fla. Stat. (1977), it has been restored as to UM coverage by Ch. 80-364, Laws of Fla., effective October 1, 1980. See South Carolina Ins. Co. v. Kokay, 398 So.2d 1355 (Fla. 1981).