HURLEY, Judge,
dissenting.
The trial court’s resolution, now ratified by the majority, is undeniably attractive for it permits the widest possible coverage without subjecting the insurer to greater liability than might have been anticipated. Nonetheless, I respectfully dissent because, in my view, the majority decision runs afoul of two well established principles of insurance law.
First, in Harmon v. State Farm Mutual Automobile Insurance Co., 232 So.2d 206 (Fla. 2d DCA 1970), the court restated this widely accepted maxim:
It is generally held that where multiple claims arise out of one accident, the liability insurer has the right to enter reasonable settlements with some of those claimants, regardless of whether the settlements deplete or even exhaust the policy limits to the extent that one or more claimants are left without recourse against the insurance company.
Id., at 207-08. Since there was no suggestion in the case at bar that the settlements negotiated by Unigard were unreasonable or made in bad faith,[1] Unigard was fully justified in settling the claims of Messrs. Coenen, Krickovich and Walter.
Second, it is now beyond peradventure that only a “class one insured,” (the vehicle owner and relatives who reside in his household), is entitled to stack uninsured motorist coverage. A “class two insured,” (any other person occupying the insured vehicle at the time of the accident) is not entitled to stack the owner’s uninsured motorist coverage. Lumbermens Mutual Casualty Co. v. Martin, 399 So.2d 536 (Fla. 3d DCA 1981); Florida Insurance Guaranty Association v. Johnson, 392 So.2d 1348 (Fla. 5th DCA 1980); Liberty Mutual Insurance Co. v. Searle, 379 So.2d 131 (Fla. 4th DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980); Travelers Insurance Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla.1977).
The rationale supporting this dichotomy was set forth in Travelers Insurance Co. v. Pac, supra (quoting Cunningham v. INA, 213 Va. 72, 189 S.E.2d 832, 836 (1972)):
The purpose of uninsured motorist insurance is to provide compensation to the innocent victim of the uninsured motorist. The named insured in a policy re *716 ceives coverage, and a contract benefit, for which he has paid a consideration. He seeks indemnity based on the payment of that premium and where he has paid separate premiums he is entitled to the additional coverages. However, this argument and reasoning does not apply to a permissive user of a vehicle who pays no premium and does not receive the broader uninsured motorist coverage of a named insured.
Id., at 399.
In the case at bar, Mr. Coenen, a “class one insured,” did not need to stack because the settlement, which came from the unstacked portion of his uninsured motorist coverage, fully satisfied his claim. Thus, the trial court’s order, although purporting to stack for the benefit of Mr. Coenen, in reality requires stacking for the benefit of Mr. Yerdon, a “class two insured.” In other words, the trial court’s order does indirectly what it could not do directly. In my view, we should not sanction such a facile avoidance of settled case law. Accordingly, I respectfully dissent.

. Cf. Palombo v. Broussard, 370 So.2d 216 (La. 3d Cir. Ct.App.1979).