MILLS, Judge.
Auto-Owners Insurance Company (A-O) appeals from a final judgment denying its claim for indemnity against Safety Mutual Casualty Insurance Corporation (SM). SM cross-appeals from the denial of its claim for contribution from A-O. We reverse as to the appeal, and therefore do not address the issue presented on cross-appeal.
Rex Lumber Company (Rex), a Florida partnership, owned a tractor-trailer truck which it leased to North Florida Woodlands, Inc. (NFW). Under the terms of the lease, Rex, as lessor, was required to provide insurance covering the truck, with bodily injury limits of at least $300,000 per occurrence. To this end, it obtained a $500,000 liability policy from A-O.
When an employee of NFW negligently operated the truck causing personal injury, the resulting claim was settled. $500,000 of the settlement fund was paid, without dispute, under this A-O policy. However, five other policies were extant: a $5,000,-000 commercial umbrella issued by SM and covering Rex and NFW and four $5,000,000 executive umbrella policies issued by A-O covering each of Rex’s four partners. The remainder of the settlement was funded equally by these two insurers, each contributing $849,391.
A-O then filed a declaratory judgment action seeking indemnity for the entire amount of its contribution from SM, who counterclaimed for contribution. SM did not deny coverage of the claim, but alleged that, because its policy and A-O’s executive umbrellas provided concurrent coverage, A-O’s contribution to the settlement fund should reflect the ratio of its coverage to SM’s, 4 to 1 (A-O: $20,000,000; SM: $5,000,000). The trial judge denied the relief sought by both parties. He agreed with SM that the policies covered the same parties, but held that the companies’ division of the settlement should stand.
The A-O executive umbrella policies do not cover the same parties named in the SM policy. Each A-O policy defines the “named insured” as “the individual named in the Declarations ...,” in this case the individual partners, and the unqualified word “insured" as “any person while using *734 an automobile ... owned by ... the named insured ... if the actual use is by the named insured or with the permission of the named insured .” (emphasis supplied).
SM contends that, although the leased truck was titled to Rex, the partnership, it was actually “owned by” the individual partners and had been used by NFW and its employee “with the permission of the named insured,” by way of the lease. Each A-0 policy therefore covers the same vehicle and parties as the SM umbrella, creating the concurrent coverage urged by SM below. SM also points out the undisputed evidence that Rex paid the premiums on the individual policies and alleges that the partnership is therefore the actual owner of and the true insured under those policies.
SM’s position on appeal requires a positive answer to the question: “Are a partnership’s individual partners owners of partnership property?” We answer that question in the negative. Partnership property belongs to the partnership and not to the partners individually. 8 Fla.Jur.2d Business Relationships Section 477. All property originally brought into the partnership or subsequently acquired by purchase or otherwise on account of the partnership is partnership property. Section 620.595(1), Florida Statutes (1981). While payment of the premiums by Rex arguably gives it the right to any policy proceeds, should one of the partners incur a covered liability, it does not, in our opinion, operate to make Rex a named insured under the policies. Because the truck was not “owned by” the named insureds under the A-0 policies, their coverage is not concurrent with that of the SM umbrella. Priorities of coverage must therefore be determined between the two insurers.
The owner of an automobile who is vicariously liable is entitled to indemnity from the negligent driver. Allstate Ins. Co. of Canada v. Value Rent-a-Car of Florida, Inc., 463 So.2d 320 (Fla. 5th DCA 1985). SM does not dispute the viability of this principle, but alleges that it is inappo-site when the insurers insure the same insureds. As previously established, this argument must fail in this case. This court has gone beyond Value Rent-a-Car in Allstate v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984), cert. gr. Case No. 65,986, to hold that when an owner is vicariously liable, his insurance is subsequent in coverage to that of the active tortfeasor, in this case NFW through its employee.
We recognize that in the recent case of Marriott Corporation, et al. v. Traveler's Indemnity Co., 473 So.2d 281 (Fla. 1st DCA 1985), this court, in a somewhat similar factual situation, held the lessor’s coverage to be primary. However, that case is factually distinguishable from the one at bar. In Marriott, the insurers insured the same insureds and therefore the individual policy terms controlled the priority of coverage. Marriott at 1847. In this case, the insureds are not insured by the same insurers. Therefore, the priorities of coverage are controlled by Fowler. We find that SM, as insurer of NFW, whose employee’s negligence caused the injury complained of, is primarily liable for payment of the claim arising therefrom to the limits of its coverage, $5,000,000. This holding obviates the need to address SM’s cross-appeal.
The judgment of the trial court is reversed and remanded to that court for entry of judgment consistent with this opinion.
SMITH and THOMPSON, JJ., concur.