SHARP, Judge.
Joann Burnsed, the personal representative of Phillip Lane Burnsed’s estate, appeals from a summary judgment entered in favor of Florida Farm Bureau Casualty Insurance Company which held the decedent has no underinsured motorist coverage under its insurance policy. The issue involved in this appeal is whether a partner of a named insured partnership is a Class I insured under the insurance policy, and entitled to stack uninsured motorist coverage. We affirm.
The facts are not in dispute in this case. At the time of Phillip’s fatal automobile accident, he and Carmel Burnsed were fifty/fifty partners in a general partnership known as R.W. Burnsed Ferneries. The partnership had an automobile insurance policy which designated the partnership as the “named insured,” and which covered three business vehicles. Neither partner was included as a “named insured.” Phillip was killed while driving his own personal vehicle — not one covered by Florida Farm’s policy.
Burnsed argues that Phillip should be deemed a Class I insured under Florida Farm’s policy and entitled to stack uninsured motorist benefits pursuant to Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla.1971) because unlike a corporation,[1] there is a familial relationship between the insured partnership and the injured partner.[2] The rationale for this theory is that under Florida common law, partnerships are not completely dis *794 tinct and separate entities from the partners who compose the partnerships.[3]
However incomplete a partnership may be as a separate legal entity in comparison to a corporation (a more perfect legal work of art), it is clear that Florida courts have always viewed partners and partnerships as having different rights and duties, as well as legal obligations and liabilities. See Century Bank of Lee County v. Gillespy, 399 So.2d 1109 (Fla. 5th DCA 1981) (joint venture was partnership for purpose of acquiring holding and conveying title to real property as an entity separate from its members); Malibu Partners, Ltd. v. Schooley, 372 So.2d 179 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 769 (Fla.1980) (partnership has capacity to bring suit without joinder of its partners for the purpose of contesting ad valorem tax assessment of real property held in partnership name); Pinellas County v. Lake Padgett Pines, 333 So.2d 472 (Fla. 2d DCA 1976) (partnership may acquire and convey real property in partnership name contrary to common law rule that partnership can neither take nor hold legal title to real estate); partnership assets are to be applied first in satisfying liabilities, thereafter the partners must contribute individually to satisfy the liabilities. §§ 620.745(1), 620.755(4), Fla.Stat. (1985) (the Uniform Partnership Act).
The language used in Florida Farm’s policy indicates that only the partnership was intended to be the named insured. In the uninsured motorist coverage provisions, the “insured” is defined as “you or any family member.” In turn, “you” or “your” is defined as the person or organization shown as the named insured and “insured” is defined as “any person or organization” qualifying as an insured in the who-is-insured section of the policy. One keeps returning to the inescapable fact that the only named insured here is a partnership and a partnership has no family members.
The only Florida cases which we have found permitting partners to participate as named insureds in a partnership policy are those in which the partners are also listed as “named insureds.” See Auto-Owners Insurance Co. v. Safety Mutual Casualty Ins. Corp., 476 So.2d 732 (Fla. 1st DCA 1985) and Travelers Ins. Co. v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981). Similarly in Florida Insurance Guaranty Assn. v. Coleman, 501 So.2d 32 (Fla. 2d DCA 1986), approved, 517 So.2d 686 (Fla.1988), where the named insured was a sole proprietorship, the individual seeking uninsured motorist coverage was also listed as a named insured in the policy.
We affirm the trial court on the ground that Phillip did not have uninsured motorist coverage under the Florida Farm policy since he was not included as a “named insured” and he was not injured in a covered vehicle. We do not reach the question of whether and to what extent Burnsed would have been permitted to stack uninsured motorist coverage on the number of vehicles covered by the policy, were the facts otherwise, although we note our sister court’s views expressed in Marks v. Travelers Indemnity Co., 339 So.2d 1123 (Fla. 3d DCA 1976); Travelers Insurance Co. v. PAC, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla. 1977).
AFFIRMED. '
COWART, J., and ORFINGER, M., Judge, Retired, concur.

. See Travelers Ins. Co. v. PAC, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla. 1977).

. See Tucker v. Geico, 288 So.2d 238 (Fla.1973).

. Epstein & Bros. v. First National Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926). See 8 FIa.Jur.2d Business Relationship § 451; 450.