337 So.2d 397 (1976)
TRAVELERS INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Eugene PAC, Appellee.
No. 75-380.
District Court of Appeal of Florida, Second District.
September 8, 1976.
Rehearing Denied October 12, 1976.
Patrick E. Geraghty of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
John B. Cechman of Goldberg, Rubinstein & Buckley, Fort Myers, for appellee.
PER CURIAM.
This case presents the question of whether "stacking" of uninsured motorist coverage is available to a person who achieves his status as an insured by driving his employer's vehicle.
Appellee Pac, an employee of Frank Carroll Oil Co., was injured by a uninsured motorist while operating his employer's vehicle. At the time of the accident, Frank Carroll Oil Co. was one of the named insureds under a fleet automobile liability insurance policy issued by appellant Travelers Insurance Co. (Travelers) which provided, among other things, uninsured motorist coverage for the motor vehicle involved in the accident in the amount of $10,000 for each person and $20,000 for each accident. The policy also provided the same uninsured motorist coverage for 14 additional vehicles, all of which were specifically identified in the policy and for which a separate premium was paid.
Travelers filed a declaratory judgment action to determine whether or not the appellee could aggregate or "stack" the uninsured motorist coverage provided under the policy on all 15 individual vehicles. The trial court ruled that appellee was entitled *398 to stack the uninsured motorist coverage under the Travelers policy which, in effect, made the total coverage $150,000. Travelers appeals this declaratory judgment. We reverse.
The parties have not cited, and we have not found, a Florida case dealing with "stacking" uninsured motorist coverages where the injured party was an insured only by virtue of occupying an insured vehicle. No contention is made that there is any policy provision authorizing an insured to aggregate or "stack" coverage; therefore, we must determine whether statutory or case law requires the result reached by the trial court.
The insurance policy at issue defines "insured" as:
(1) the named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;
(2) any other person while occupying an insured automobile;
* * * * * *
The entitlement of each of these two classes of insureds to uninsured motorist protection was distinguished in Mullis v. State Farm Mutual, Fla. 1971, 252 So.2d 229. There, the court held that the named insured, his spouse, and their relatives must be afforded uninsured motorist protection regardless of whether they are in an insured vehicle at the time of the accident. This is to be contrasted to persons who become an insured solely by riding in an insured vehicle. As the court pointed out, this second group is necessarily restricted to occupants of the insured vehicle for the purpose of coverage identification.
The case which gave rise to the concept of stacking is Tucker v. Government Employees Insurance Co., Fla. 1973, 288 So.2d 238. There, the court wrote:
The total uninsured motorist coverage which the insured has purchased for himself and his family regardless of the number of vehicles covered by his auto liability policy inures to him or any member of his family when injured by an uninsured motorist.
The Tucker opinion cites Mullis and we think the net effect of the language quoted above is that stacking is mandated only for those insureds in the first category outlined in Mullis. Stacking is derived from the presumption that when the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy extra protection for himself and his family, regardless of whether his injury occurs in any one of his insured vehicles or elsewhere.[1] But there is no reason to apply this result to a guest or employee injured in an insured vehicle. That person has no relationship with any other insured vehicle and the coverage on the others should not inure to his benefit.
Cases outside of Florida are split on the issue of whether stacking is available to an occupant of a vehicle when the owner of that vehicle has multiple policies. In Blocker v. Aetna Casualty Co., 1975, 232 Pa.Super. 111, 332 A.2d 476, the court could find no distinction between the two categories of insureds and held that stacking of uninsured motorist coverage was available to each. Cf., General Mutual Ins. Co. v. Gilmore, 1975, 294 Ala. 546, 319 So.2d 675. We are more persuaded by Cunningham v. INA, 1972, 213 Va. 72, 189 S.E.2d 832; Long v. U S F & G, N.D.Ala. 1975, 396 F. Supp. 966; and Moomaw v. State Farm, S.D.W.Va. 1974, 379 F. Supp. 697, each of which recognized the distinction outlined above and held that stacking is available only to insureds in the first category. In Cunningham, the leading case in this area, the court wrote:

*399 The purpose of uninsured motorist insurance is to provide compensation to the innocent victim of the uninsured motorist. The named insured in a policy receives coverage, and a contract benefit, for which he has paid a consideration. He seeks indemnity based on the payment of that premium and where he has paid separate premiums he is entitled to the additional coverages. However, this argument and reasoning does not apply to a permissive user of a vehicle who pays no premium and does not receive the broader uninsured motorist coverage of a named insured.
We think it is particularly noteworthy that the court in Long gave great weight to the Florida decisions in concluding that the issue presented here remains open in Florida, despite decisions mandating stacking under other circumstances.
The logic of these cases is especially compelling where the named insured is a large commercial venture. Here, 15 vehicles were involved, while in Cunningham, supra, the insured sought to stack coverage on over 4,000 vehicles. We can easily envision a situation in which stacking of coverage for an occupant would give the insurance company in return for a minimal premium a potential liability running into millions of dollars, and we do not think Tucker was ever intended to lead to that result.
Reversed.
GRIMES and SCHEB, JJ., concur.
HOBSON, A.C.J., dissents without opinion.
NOTES
[1] Since he is already covered regardless of his location when he is injured by an uninsured motorist, there would be no other reason to pay another premium for coverage on a second vehicle. On the other hand, since coverage is limited to occupancy in the insured vehicle under the second category, the extra premium paid on another vehicle provides coverage which would not otherwise be available under that category.