342 So.2d 547 (1977)
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Travelers Indemnity Company, Appellants,
v.
Clem TAYLOR, Appellee.
No. BB-360.
District Court of Appeal of Florida, First District.
February 11, 1977.
*548 A.G. Condon, Jr., of Holsberry, Emmanuel, Sheppard & Condon, Robert P. Gaines of Beggs & Lane, Pensacola, for appellants.
Frederic G. Levin of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
McCORD, Judge.
This is an appeal by defendant insurance companies from a declaratory judgment. Appellee Taylor had his personal insurance with Government Employees Insurance Company. Included in his policy covering only one automobile was uninsured motorist coverage with limits of $10,000 for injury to one person in one accident. He was involved in a collision with a third party while driving a vehicle owned by Sammy Lee Jones who had his insurance with Travelers Indemnity Company. The policy issued by Travelers to Jones included uninsured motorist coverage with limits of $50,000 for injury to one person in one accident. The third party with whom Taylor had the collision had liability insurance with limits of $10,000 for injury to one person in one accident. Appellee contends that the $10,000 coverage in the policy issued to him by Government Employees should be added to the $50,000 coverage in the policy issued to Jones by Travelers which would mean that his uninsured motorist coverage would then exceed the liability coverage of the third party (which would not happen in relation to Government Employees policy if no stacking occurred since its $10,000 uninsured motorist coverage is not higher than the $10,000 insurance coverage of the tort feasor). By stacking the two, he contends that he is entitled to recover uninsured motorist benefits from both Government Employees and Travelers up to a maximum of $60,000. The trial court construed the applicable statute, § 627.727(2)(b), Fla. Stat. 1975, to allow such stacking. We disagree and reverse.
§ 627.727(2)(b), Fla. Stat. 1975, provides as follows:
"(2) For the purpose of this coverage, the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
* * * * * *
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage."
The issue here hinges upon the meaning of the phrase in the above statute "the limits applicable to the injured person provided under his uninsured motorist's coverage" (emphasis supplied). It appears clear that use of the words "his uninsured motorist's coverage" refers to the coverage of the policy issued to the injured person and does not include uninsured motorist coverage of another person's policy of which the injured person happens to be a beneficiary. Such other person's policy is that person's uninsured motorist coverage which that person, rather than the injured person, has purchased. The District Court of Appeal, Second District, in Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla. 2 DCA 1976), quoted as follows from Cunningham v. INA, 213 Va. 72, 189 S.E.2d 832 (1972), which we consider appropriate to construction of this statute.
"The purpose of uninsured motorist insurance is to provide compensation to the innocent victim of the uninsured motorist. The named insured in a policy receives coverage, and a contract benefit, for which he has paid a consideration. He seeks indemnity based on the payment *549 of that premium and where he has paid separate premiums he is entitled to the additional coverages. However, this argument and reasoning does not apply to a permissive user of a vehicle who pays no premium and does not receive the broader uninsured motorist coverage of a named insured."
Our ruling on the foregoing point renders the second point on this appeal moot  whether or not the injured motorist can settle with the third party tort feasor's insurance carrier for its full policy limits without obtaining the consent of his insurance carrier, Government Employees Insurance Company.
REVERSED AND REMANDED.
BOYER, C.J., and MILLS, J., concur.