349 So.2d 642 (1977)
Mike HUNT, Appellant,
v.
STATE FARM MUTUAL INSURANCE COMPANY, and the Hartford Accident and Indemnity Company, Appellees.
No. DD-431.
District Court of Appeal of Florida, First District.
June 27, 1977.
Rehearing Denied September 16, 1977.
*643 James G. Feiber, Jr. and Nancy E. Yenser of Salter, West, Doughtie & Feiber, Gainesville, for appellant.
Richard T. Jones of Jones & Langdon, Gainesville, for appellee.
ERVIN, Judge.
This is a case of first impression in which an insured seeks to stack underinsured motorist coverage policies issued by different insurers.
On November 15, 1974, appellant Hunt, while riding as a passenger in a pickup truck, was badly injured in a one vehicle accident. Hunt entered into a settlement agreement with the driver of the truck and the driver's liability insurer, Florida Farm Bureau, for the applicable policy limits of $10,000. Hunt then filed a complaint for a declaratory judgment seeking to recover under the provisions of two separate automobile liability insurance policies issued to his mother, Wilma Sanders, and to her husband and his stepfather, James Sanders. The mother had a policy with appellee State Farm which provided uninsured motorist coverage limits of $25,000 per person. The stepfather had a policy with appellee Hartford, having uninsured motorist coverage limits of $10,000 per person. Hunt entered into a settlement agreement with State Farm concerning its pro rata share of the total uninsured motorist coverage. Hartford moved to dismiss the complaint and the motion was granted, the court finding in part:
"Florida Statute 627.727 (1973) and the cases construing it allow for the stacking of multiple policies of uninsured motorist coverage which are in excess of the recovery obtained from a third party, but the cases construing the statute have not spoken to the facts of the case at bar wherein Plaintiff was covered by the multiple policies but was not the purchaser or owner of any one of them. See Sellers v. U.S.F. & G., 185 So.2d 689 (Fla. 1966); Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973); Sellers v. Government Employees Insurance Co., 214 So.2d 879 (1st DCA Fla. 1968); State Farm Mutual Automobile Insurance Company v. White, 330 So.2d 858 (2d DCA Fla. 1976).

*644 "In the 1976 session, the Florida legislature revised the No-Fault Law in Florida and pursuant to Section 627.4132 (1976) prohibited stacking of such coverage effective 1 October 1976. The Court is of the opinion that a narrow construction of the present statute allowing stacking is appropriate in view of the expressed legislative intent. Under a narrow construction, the facts of the case at bar as pleaded are distinguishable from the previously cited case wherein stacking was allowed."
It matters not that Hunt did not pay the premiums on the insurance policies. The primary question is whether Hunt is an "insured" or "named insured" under the terms of the policy. Since Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971), an insurance purchaser's family, so long as they are residents of the household, falls within the first class of insureds. As such they are covered by uninsured motorist protection whenever and wherever bodily injury occurs. Since the allegations of the complaint must be accepted as true for purposes of the motion to dismiss, we assume Hunt is a resident of the household and is an insured under both his mother's and stepfather's policies. This shield of protection encompasses him even when riding in another's vehicle.[1]
Since Ch. 73-180, § 4, Laws of Florida, amended § 627.727, Florida Statutes, coverage has been provided for injured persons whose recovery from third party tortfeasors is less than the coverage limits under that injured person's uninsured motorist policy. Further, separate insurance policies providing uninsured motorist coverage can be stacked, utilizing the maximum policy limits of coverage, to determine the total amount by which the uninsured motorist coverage exceeds the recovery afforded by the third party tortfeasor. E.g. State Farm Mutual Automobile Insurance Company v. White, 330 So.2d 858 (Fla.2d DCA 1976); State Farm Mutual Automobile Insurance Company v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976); Government Employees Insurance Company v. Farmer, 330 So.2d 236 (Fla.1st DCA 1976).
The twist here: This is apparently the first case in which an insured attempts to stack policies provided by different insurers. Here, State Farm had a $25,000 limit on uninsured motorist coverage which is clearly in excess of the $10,000 recovered from the tortfeasor's insurer. Hartford, however, has only a $10,000 limit and argues that since it is not in excess of the recovery from the liability insurer, it cannot be liable. It concedes that stacking is permissible where the separate coverages are provided by one insurer. Then the extra coverage is compensated by extra premiums.
We are persuaded however by Mike Hunt's response. Here he would clearly be entitled to $25,000 uninsured motorist coverage if the policies were purchased from the same insurer ($10,000 one policy plus $25,000 second policy = $35,000-$10,000 recovery from tortfeasor = $25,000). If we accept Hartford's argument, only $15,000 coverage would be provided if the policies were purchased from the different insurers (0 from Hartford, $25,000-$10,000 recovery from tortfeasor= $15,000 recovery from State Farm). In both cases the insured purchased exactly the same amount of insurance coverage. This result is contrary to principles set forth in the above opinions.
Bound as we are by stare decisis, we cannot affirm on the basis of "public policy" *645 reflected in a statute not applicable here. The ban against stacking, enacted by Ch. 76-266, Laws of Florida, applies only to accidents occurring on or after October 1, 1976, and is only one part of a complete revamping of the entire No Fault Act in Florida. Compare Barrett v. Gill and State Farm Mutual Automobile Ins. Co., 347 So.2d 132 (Fla.1st DCA 1977), where we held, in construing another provision of the No Fault Act, that there is no public policy precluding the joinder of both insurer and insured in a wrongful death action resulting from an automobile accident which occurred prior to the effective date of the adoption of Section 627.7262(1), Florida Statutes (1976). Applying the prohibition against stacking of uninsured motorist coverage out of context with other changes in the law produces results not contemplated by the legislature. Retrospective application of legislation intended to be prospective produces unequal, arbitrary results for claimants such as here.
We therefore reverse the trial court's determination. Hartford is not, however, liable for the entire $10,000 policy limit. The excess provided by stacking the policies (here $25,000) must be prorated between the two insurers.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
BOYER, C.J., and MILLS, J., concur.

ON PETITION FOR REHEARING
ERVIN, Judge.
Appellee, Hartford Accident and Indemnity Company, the insurer of Mike Hunt's step-father, James Sanders, seeks rehearing of our opinion, arguing that Mike Hunt is not a relative of the named insured. It alludes to the definition of insured under Section Three (referring to protection against uninsured motorists) of the policy as including the named insured and his relatives, pointing out that Hunt, the step-son of Sanders, is not a relative and therefore is not covered.
In defining the word "insured", however, under Section Three, the policy states:
"(1) The first person named in the declaration and if a resident of the household, his spouse and the relatives of either; ... ."
It is clear from the record that Hunt is the son of Wilma Sanders, the spouse of James Sanders. Hunt is also a resident of the named insured's household. As such, then he is covered under the provisions of James Sanders' policy with Hartford.
Insofar as the alleged conflict between our opinion and our earlier opinion in Government Emp. Ins. Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977), which restricted the provisions of Section 627.727(2)(b), Florida Statutes (1975), so as to allow coverage only to the injured person who was by name insured, and did not include underinsured coverage of another person's policy of which the injured person happened to be the beneficiary, we refer to the order granting petition for rehearing in Main Ins. Co. v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977). There we specifically receded from language in Taylor which precluded each member of a family residing in the same household from recovering under the underinsured motorist policy provisions of the named insured.
Petition for rehearing is denied.
BOYER, Acting C.J., and MILLS, J., concur.
NOTES
[1] Where one whose status as an insured is derived from something other than ownership of the policy, no uninsured motorist coverage stacking accrues. Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla.2d DCA 1976), held a permissive occupant falls within the second class of insureds under Mullis so that stacking is inappropriate. The Pac decision was expressly followed by this court in Government Emp. Ins. Co. v. Taylor, 342 So.2d 547 (Fla.1st DCA 1977), where we held that an injured claimant could not stack the uninsured motorist coverage of another person's policy covering the automobile which the claimant was driving at the time of the accident. The distinction here is that Hunt has uninsured motorist coverage as a member of the family provisions of his parents' policies  not as a result of his status as an injured passenger under the tortfeasor's policy.