349 So.2d 638 (1977)
MAIN INSURANCE COMPANY, a Corporation, Appellant,
v.
Edwin E. WIGGINS, Appellee.
No. BB-449.
District Court of Appeal of Florida, First District.
May 25, 1977.
On Rehearing September 16, 1977.
*639 C.T. Boyd, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellant.
Gerald Sohn and Charles Cook Howell, III, Jacksonville, for appellee.
McCORD, Chief Judge.
This appeal is from a final judgment awarding personal injury protection (PIP) benefits and uninsured motorist benefits to appellee under an automobile liability insurance policy issued to appellee's daughter. Appellee was injured when hit by a motor vehicle while standing beside an uninsured vehicle he had under lease. The lease did not contain an option to purchase and therefore, under § 627.732(2), Florida Statutes (1975), appellee was not the "owner" of the vehicle and was therefore not required to carry insurance on the leased vehicle. See § 627.733, Florida Statutes (1975). Appellee did not own any automobile.
The automobile which hit appellee was covered by liability insurance to the extent of $10,000, and appellee was paid the full amount of that vehicle's coverage. He contends he is entitled to PIP benefits under the respective automobile insurance policies of his daughter and his son, both of whom resided in his household. He contends also that he is entitled to uninsured (underinsured) motorist benefits from his son's and daughter's policies since the total uninsured benefits of the two is $20,000, which is in excess of the $10,000 coverage on the vehicle which hit him. Appellee and appellant (appellee's daughter's insurer) and the son's insurer (Unigard Insurance Co.) entered into a stipulation providing that if appellee is entitled to PIP benefits, then each insurer would pay $2,125 and that if appellee is entitled to uninsured motorist coverage, then each insurer will pay $5,000.
As to PIP benefits, § 627.736(4)(d), Florida Statutes (1975), provides in pertinent part as follows:

*640 "(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.
* * * * * *
3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner's household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741." (Emphasis supplied.)
Appellee, not being the owner of a motor vehicle, is not entitled to PIP benefits under paragraph 1 of the foregoing statute, but under paragraph 3, he does qualify for such benefits under his daughter's and son's policies.
Uninsured (underinsured) motorist benefits would be payable to appellee under § 627.727(2), Florida Statutes (1975), only if he himself had an insurance policy affording uninsured motorist's coverage in excess of the $10,000 coverage of the vehicle which hit him. That statute defines the term "uninsured motor vehicle" to include an insured motor vehicle when the liability insurer thereof "has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage." (Emphasis supplied.) In Government Employees Insurance Co. and Travelers Indemnity Co. v. Clem Taylor, 342 So.2d 547 (Fla. 1 DCA 1977), we construed the words "his uninsured motorist's coverage" in the above-quoted statute to refer only to coverage of a policy issued to the injured person and not to include uninsured motorist's coverage of another person's policy of which the injured person happens to be a beneficiary.
The trial court was correct in ruling appellee was entitled to PIP benefits and attorneys fees applicable to his claim for PIP benefits, but erred in ruling that appellee was entitled to uninsured (underinsured) motorist's benefits and attorneys fees for that claim.
Affirmed in part and reversed in part. Remanded for further proceedings consistent herewith and for assessment of a reasonable attorney's fee to appellee's attorney for successfully defending this appeal as to PIP benefits.
RAWLS, Acting C.J., and SMITH, J., concur.

ON PETITION FOR REHEARING
We have reexamined our opinion in this cause in the light of the opinion of another panel of this Court in Hunt v. State Farm Mutual Insurance Company, 349 So.2d 642, Opinion filed June 27, 1977, and in the light of our previous opinion in Government Emp. Ins. Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977). In the latter case, Taylor was injured when involved in a collision with a third party tort feasor. Taylor at the time was driving a vehicle owned by Jones. Taylor had $10,000 uninsured motorist coverage, Jones had $50,000 uninsured motorist coverage and the third party tort feasor had $10,000 liability coverage. Taylor contended that although his uninsured (underinsured) motorist coverage was the same amount as the liability coverage of the tort feasor, he should be entitled to stack with his $10,000 the $50,000 uninsured (underinsured) motorist coverage of the policy of Jones; that by doing so his uninsured (underinsured) motorist coverage would then exceed the liability coverage of the third party thereby bringing into play underinsured motorist coverage and he would be entitled to recover up to $50,000. We there construed § 627.727(2)(b), Fla. Stat. (1975) which expanded uninsured motorist coverage to include underinsured motorist coverage. That statute states as follows:
"(2) For the purpose of this coverage, the term `uninsured motor vehicle' shall, subject *641 to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof: * * * (b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage." (Emphasis supplied.)
We ruled that the use of the words "his uninsured motorist's coverage" refers to the coverage of the policy issued to the injured person and does not include uninsured (underinsured) motorist coverage of another person's policy of which the injured person happens to be a beneficiary. We thus held that in determining whether or not Taylor was entitled to underinsured motorist coverage he could look only to a comparison of the uninsured motorist coverage in his own policy and the amount of liability coverage carried by the third party involved in the accident.
In our previous opinion in the case sub judice following our previous opinion in Taylor, we ruled that Wiggins who had no insurance of his own would not be entitled to recover uninsured (underinsured) motorist benefits from his son's and daughter's uninsured (underinsured) motorist coverage (both lived in his household) that he would only be entitled to such benefits if he himself had an insurance policy affording uninsured motorist coverage in excess of the $10,000 liability coverage on the vehicle which hit him.
In Hunt, which was decided by another panel of this Court as aforesaid, Hunt while riding as a passenger in a pickup truck was injured in a one vehicle accident. He had no insurance policy of his own. The driver of the truck had $10,000 liability coverage. Hunt claimed uninsured (underinsured) motorist benefits under his mother's policy which had $25,000 uninsured motorist coverage and under his stepfather's policy which had $10,000 uninsured motorist coverage. The court ruled that the uninsured coverages of his mother's and stepfather's policies should be stacked, and he should recover the difference between the $35,000 total of the uninsured (underinsured) motorist coverage and the pickup truck.
Upon reconsideration of this entire matter, we have determined that the construction which we placed upon the words "his uninsured motorist's coverage" as contained in § 627.727(2)(b), Florida Statutes 1975, was more restrictive than the legislature intended by the use of such term. Prior to the amendment of § 627.727(2), Florida Statutes (1971), by Chapter 73-180, Laws of Florida, which added underinsured motorist coverage and brought it under the umbrella of uninsured motorist coverage, the Supreme Court in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), had ruled that uninsured motorist coverage not only covered the policyholder but also covered his spouse, his relatives, and his spouse's relatives who are residents of his household. In addition, the Supreme Court stated that such coverage included any lawful occupants of the insured's automobile covered in the policyholder's automobile liability policy. The Supreme Court in Mullis quoted with approval this court's ruling in Travelers Indemnity Co. v. Powell, 206 So.2d 244 (Fla. 1st DCA 1968) that uninsured motorist coverage "has made each member of a family an insured under each such police purchased by any family member." In these two previous cases, the Supreme Court and this Court were construing only the statute as it existed prior to the 1973 amendment. As heretofore stated, the Legislature subsequently added underinsured motorist coverage by adding the following additional language:
"The term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof:
(a) * * *
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage." (Emphasis supplied)
*642 The Legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute, Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964). The Supreme Court and this Court, having previously ruled that uninsured motorist coverage had made each member of a family (residing in the same household) an insured under each policy purchased by any family member, the legislature evidently intended by its subsequent enactment that the term "his uninsured motorist's coverage" contained therein would include the uninsured motorist's coverage of each member of the family which each such member would have under the policy of other members of the family residing in the same household. We, therefore, so hold in this case and recede from the language in our opinion in Taylor which states otherwise. We do not rule, however, that the legislature intended by the use of this term to extend underinsured motorist coverage to persons not related to the policyholder as was the situation in Taylor [although such persons, if injured while occupying the policyholder's motor vehicle with his knowledge and consent would be entitled to receive uninsured (as distinguished from underinsured) benefits by virtue of previous judicial rulings as to such uninsured motorist's coverage.]
We recede from our previous opinion in this cause insofar as it relates to uninsured (underinsured) motorist's benefits and reverses the trial court's judgment as to the award of such benefits.
Affirmed and remanded for assessment of a reasonable attorney's fee to appellee's attorney for successfully defending this appeal.
RAWLS and SMITH, JJ., concur.