371 So.2d 677 (1979)
UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland Corporation, Appellant,
v.
Fred CURRY, Jr., and Fidelity & Casualty Company of New York, Appellees.
No. 78-1125.
District Court of Appeal of Florida, Third District.
May 8, 1979.
Rehearing Denied June 25, 1979.
Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellant.
*678 Silverstein & Prichason, Fred G. Prichason, Miami Beach, for appellees.
Before HAVERFIELD, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiff insurer, United States Fidelity & Guaranty Company (U.S.F.&G.), appeals a final declaratory judgment permitting defendant Fred Curry, Jr. to stack $15,000 in uninsured motorist benefits provided for in the liability policy issued by U.S.F.&G. to Curry's employer. The following facts are undisputed.
Defendant Curry was an employee of Grand Union Stores, Inc. to which A-1 Truck & Trailer Rentals, Inc. (A-1) supplied vehicles for business use. On April 1, 1976 Curry, while in the course of his employment and while operating a vehicle owned by A-1, was involved in an automobile accident with Neysa Walsh. The accident occurred as a result of her negligence. Walsh was insured under a policy with liability limits of $30,000. Because of liability payments to other claimants, only $11,000 in liability coverage was available to Curry. Curry was insured under a personal automobile liability insurance policy with limits of $15/30,000 issued by Fidelity & Casualty Company of New York. U.S.F.&G. issued a policy to A-1 which provided uninsured motorist coverage in the amount of $15/30,000. Curry made a demand for arbitration against U.S.F.&G. with regard to the $15,000 uninsured motorist provision as an underinsured pursuant to Section 627.726, Florida Statutes (1975). Thereupon, U.S.F.&G. filed the instant complaint for declaratory judgment against Curry and his personal insurer, Fidelity & Casualty Company of New York, and sought a determination that the uninsured motorist benefits issued by it to A-1 were not applicable to any loss sustained by Curry. After a trial, the court entered judgment finding that Curry is entitled to stack the uninsured/underinsured motorist benefits provided by both Fidelity & Casualty Company and U.S.F.&G. (to be set off by the $11,000 settlement from Walsh's carrier). U.S.F.&G. appeals therefrom.
U.S.F.&G. on appeal claims error in the trial court's determination and in support thereof cites to Government Emp. Ins. Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977) which holds that a person who is a named insured under a policy (or a member of the same household of the named insured) may stack; but a person who is not related to the policyholder and is a beneficiary of the owner's policy, by having occupied the vehicle at the time of the accident, is not permitted to stack the uninsured motorist coverage of the owner. We reject the holding of this case because our Supreme Court in Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966) and Allstate Insurance Co. v. Dairyland Insurance Co., 271 So.2d 457 (Fla. 1972) held that an insured, like Curry in the instant cause protected by more than one policy of uninsured motorist insurance (by virtue of he or she being a beneficiary of the owner's policy by having occupied the vehicle at the time of the accident), was entitled to recover under all such policies to the extent of his or her bodily injury by an uninsured motorist. This holding was again reiterated and approved in Tucker v. Government Employees Insurance Company, 288 So.2d 238 (Fla. 1974).
Accordingly, the declaratory judgment is affirmed.
Affirmed.