378 So.2d 330 (1980)
Judith E. COX, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 79-227.
District Court of Appeal of Florida, Second District.
January 9, 1980.
*331 J. Jeffrey Rice of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
GRIMES, Chief Judge.
This is an appeal from a judgment on the pleadings which denied underinsured motorist coverage.
Appellant Judith Cox suffered injuries in an automobile accident which occurred on October 27, 1974. The accident involved a vehicle owned and driven by Hector De Jesus and a vehicle owned by Leonard Moeller and driven by Ms. Cox. De Jesus carried liability insurance coverage with Allstate Insurance Company. Moeller had a policy with State Farm which included $25,000 uninsured motorist coverage. Ms. Cox, who was neither a relative of Moeller nor a resident of his household, also had a personal automobile insurance policy with uninsured motorist coverage of $25,000 issued by a company not involved in this action.
Faced with the contention that De Jesus had negligently caused the accident, Allstate settled with Ms. Cox for $10,000 which was the maximum liability coverage under De Jesus' policy. Believing that her damages exceeded $10,000, Ms. Cox then made a claim for underinsured motorist coverage against State Farm under Moeller's policy. After rejection of her claim, she brought this suit against State Farm. Upon these undisputed facts, the court entered judgment on the pleadings in favor of State Farm.
Moeller's policy says nothing about underinsured motorist coverage. However, Section 627.727(2), Florida Statutes (1973), modified its provisions as follows:
(2) For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
.....
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage.

(Emphasis added.) Ms. Cox argues that as a permissive user of Moeller's vehicle she falls under the definition of an insured in the State Farm policy and that therefore she is entitled to underinsured motorist coverage under the policy because its uninsured motorist limits exceeded the liability coverage of De Jesus.
State Farm, on the other hand, contends that even though Ms. Cox has the status of an insured by virtue of occupying Moeller's vehicle, she must turn to her own policy or the policy of a relative residing in her household, if any, in order to recover underinsured benefits. It grounds this argument upon the case of Government Employees Insurance Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977), where on essentially the same facts the court rejected a claim for underinsured motorist coverage under a *332 policy issued to the owner of the vehicle which the injured party was driving. The court construed the statutory provision for underinsured motorist coverage to mean that the injured party's personal insurance rather than coverage which might be available under someone else's policy had to exceed the liability limits of the tortfeasor. The same court subsequently modified its interpretation of the statutory words "his uninsured motorist coverage" to include coverage which was available by virtue of being a relative residing in the same household but continued to exclude from consideration such coverage as might be available to a permissive user under the vehicle owner's policy. Main Insurance Co. v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977).
Recently two other district courts of appeal have rendered decisions contrary to the Taylor holding. Lezcano v. Leatherby Insurance Co., 372 So.2d 214 (Fla. 4th DCA 1979); United States Fidelity & Guaranty Co. v. Curry, 371 So.2d 677 (Fla. 3d DCA 1979). In Curry the claimant received injuries while driving his employer's vehicle. Only $11,000 was available under the liability coverage of the other vehicle. The court held that the claimant was entitled to coverage which equalled the sum of his employer's $15,000 uninsured motorist coverage and $15,000 uninsured motorist coverage under a personal policy less the $11,000 liability coverage of the negligent tortfeasor. With respect to Taylor the court said:
U.S.F. & G. on appeal claims error in the trial court's determination and in support thereof cites to Government Emp. Ins. Co. v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977) which holds that a person who is a named insured under a policy (or a member of the same household of the named insured) may stack; but a person who is not related to the policyholder and is a beneficiary of the owner's policy, by having occupied the vehicle at the time of the accident, is not permitted to stack the uninsured motorist coverage of the owner. We reject the holding of this case because our Supreme Court in Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966) and Allstate Insurance Co. v. Dairyland Insurance Co., 271 So.2d 457 (Fla. 1972) held that an insured, like Curry in the instant cause, protected by more than one policy of uninsured motorist insurance (by virtue of he or she being a beneficiary of the owner's policy by having occupied the vehicle at the time of the accident), was entitled to recover under all such policies to the extent of his or her bodily injury by an uninsured motorist. This holding was again reiterated and approved in Tucker v. Government Employees Insurance Company, 288 So.2d 238 (Fla. 1974).
371 So.2d at 678.
Our analysis of this disputed point leads us to accept the view of Curry and Lezcano. State Farm admits that if De Jesus had carried no liability insurance, Ms. Cox could obtain the uninsured motorist coverage available both under Moeller's policy and her own. Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966). We do not believe that when the legislature changed the law in 1973 to enlarge uninsured motorists coverage to include underinsured coverage, it intended for the words "his uninsured motorist coverage" to be construed in a manner which would make the rules for recovery of underinsured coverage different from those of uninsured coverage. Thus, we hold that these words simply refer to any uninsured motorist coverage which is otherwise available to the injured party.
State Farm's reliance upon the Mullis[1] distinction between insureds who are named in the policy or who are resident relatives of the named insured and those who are lawful occupants of the insured vehicle is misplaced. While, it is true that in Travelers Insurance Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), this court prohibited the stacking of uninsured motorist coverage available to a person who achieves his status as an insured only by driving his employer's vehicle (the second class of insureds under Mullis), there was nothing in the Pac decision which prevented the claimant *333 from adding the uninsured motorist coverage provided by his employer on the one vehicle he was driving to the uninsured motorist coverage available under his personal policy. In the instant case we are not talking about "stacking" in its traditional sense. "Stacking" ordinarily occurs when an injured person within the first class of insureds pyramids coverage to the extent of the number of vehicles on which the named insured has obtained coverage.[2]Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973); State Farm Mutual Automobile Insurance Co. v. White, 330 So.2d 858 (Fla. 2d DCA 1976). Here, Ms. Cox seeks only to add the owner's coverage on the vehicle she was driving to the limits of the coverage under her personal policy. The named insureds in each policy are entirely different.
We reverse the judgment and remand the case for further proceedings consistent with this opinion.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971).
[2] The legislature appeared to adopt this understanding of "stacking" when it enacted the anti-stacking statute quoted below in 1976:

627.4132 Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.