395 So.2d 530 (1981)
UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland Corporation, Petitioner,
v.
Fred CURRY, Jr., and Fidelity & Casualty Company of New York, Respondents.
No. 57382.
Supreme Court of Florida.
March 5, 1981.
Peters, Pickle, Flynn, Niemoelier, Stieglitz & Hart and Jeanne Heyward, Miami, for petitioner.
Fred G. Prichason of Silverstein & Prichason, Miami Beach, Frank Amigo, Fort Lauderdale and Victor J. Dirse, North Miami, for respondents.
OVERTON, Justice.
This petition for writ of certiorari seeks review of the decision of the District Court of Appeal, Third District, reported at 371 So.2d 677 (Fla.3d DCA 1979), which allows an injured driver of a leased motor vehicle to stack uninsured motorist provisions of both his personal policy and the lessor's policy. We find conflict with Government Employees Insurance Co. v. Taylor, 342 So.2d 547 (Fla.1st DCA), cert. denied, 353 So.2d 680 (Fla. 1977), and other recent cases. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts are not disputed. Fred Curry, Jr., was an employee of Grand Union Stores, Inc., which leased vehicles from A-1 Truck & Trailer Rentals, Inc. (A-1). On April 1, 1976, Curry, while operating a leased vehicle in the course of his employment, was struck by a negligent driver, Neysa Walsh. Walsh was insured, but because of liability payments to other claimants, *531 only $11,000 of her $15,000/$30,000 liability coverage was available to Curry. Curry had personal automobile liability insurance with Fidelity & Casualty Company of New York, which included uninsured motorist coverage in the amount of $15,000/$30,000. United States Fidelity & Guaranty Company (U.S.F. & G.) provided $15,000 uninsured motorist coverage to A-1, and Curry made a demand upon this coverage as an underinsured pursuant to section 627.727. U.S.F. & G. filed for a declaratory judgment against Curry and Fidelity & Casualty Company. The trial court found that Curry was entitled to stack the uninsured/underinsured motorist benefits provided by both U.S.F. & G. and Fidelity & Casualty Company (set off by the $11,000 settlement from Walsh's carrier). Upon appeal, the Third District Court of Appeal agreed that such stacking was permissible and expressly rejected the reasoning and holding of the First District Court of Appeal in Taylor.[1]
The issue we must decide is whether stacking of uninsured motorist policies is allowed under the facts of this case by section 627.727(2) as it existed in 1976. Section 627.727(2), Florida Statutes (1975), concerns uninsured motorist coverage and reads in part as follows:
(2) For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
.....
(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage. [Emphasis added.]
The underlined words are critical for this question of stacking in the case of a permissive user of a vehicle. In applying this statute in Taylor, the First District Court of Appeal limited stacking to policies in which the injured person was the insured and excluded from stacking any other policy of which the injured person was a beneficiary. The court construed the word "his" as used in this statute to limit the stacking of applicable coverage to policies owned by the injured person and to exclude from such stacking injured persons who are only beneficiaries of a policy.
The Third District in the instant case disagreed with this construction of the 1975 statute and held that Curry was protected by more than one policy containing uninsured motorist coverage by virtue of being a beneficiary of the owner's policy.
While not applicable to this 1976 accident, it is noted that shortly after Taylor, and perhaps in response to the decision, the legislature amended the critical language to conform to the Third District's interpretation of the statute.[2]
Approximately eight months after the Taylor decision, the First District, in Main Insurance Co. v. Wiggins, 349 So.2d 638 (Fla.1st DCA 1977), expressly receded from its exclusion of an insured's family members from the provisions of section 627.727(2), Florida Statutes (1975). It based its decision on Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), and Hunt v. State Farm Mutual Insurance Co., 349 So.2d 642 (Fla.1st DCA 1977). However, the district court in Wiggins continued to exclude nonfamily occupants of an insured vehicle from stacking *532 coverage under section 627.727(2), holding that the legislature did not intend to extend coverage to persons not related to the policyholder.
We find that this interpretation has no support in either the statute or our decision in Mullis. The distinction Mullis made between injured persons unrelated and related to the named insured has no bearing on either Taylor or the instant case since Mullis merely stated the obvious: unrelated persons are "protected only if they receive bodily injury due to the negligence of an uninsured motorist while they occupy the insured automobile of the named insured with his permission or consent." 252 So.2d at 233. This statement was necessary in light of the holding of Mullis concerning persons related to the named insured: namely, that they need not be occupying an insured automobile in order to have uninsured motorist coverage.
Chief Judge Grimes of the Second District Court of Appeal correctly drew the line between classes of insureds concerning stacking coverage in Cox v. State Farm Mutual Automobile Insurance Co., 378 So.2d 330 (Fla.2d DCA 1980):
State Farm's reliance upon the Mullis distinction between insureds who are named in the policy or who are resident relatives of the named insured and those who are lawful occupants of the insured vehicle is misplaced. While, it is true that in Travelers Insurance Co. v. Pac, 337 So.2d 397 (Fla.2d DCA 1976), this court prohibited the stacking of uninsured motorist coverage available to a person who achieves his status as an insured only by driving his employer's vehicle (the second class of insureds under Mullis), there was nothing in the Pac decision which prevented the claimant from adding the uninsured motorist coverage provided by his employer on the one vehicle he was driving to the uninsured motorist coverage available under his personal policy. In the instant case we are not talking about "stacking" in its traditional sense. "Stacking" ordinarily occurs when an injured person within the first class of insureds pyramids coverage to the extent of the number of vehicles on which the named insured has obtained coverage. [Citations omitted.] Here, Ms. Cox seeks only to add the owner's coverage on the vehicle she was driving to the limits of the coverage under her personal policy. The named insureds in each policy are entirely different.
Id. at 332-33 [footnotes omitted].
In summary, we believe the legislature intended to allow this type of stacking. To construe the statute as set forth in the Taylor-Wiggins dichotomy produces inequitable results clearly not intended. We approve the decision of the Third District in the instant case and disapprove Taylor, as modified by Wiggins.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
NOTES
[1] Subsequently, the Second and Fourth District Courts of Appeal have followed the Third District and rejected the Taylor view. Cox v. State Farm Mut. Auto. Ins. Co., 378 So.2d 330 (Fla.2d DCA 1980); Lezcano v. Leatherby Ins. Co., 372 So.2d 214 (Fla.4th DCA 1979).
[2] Chapter 77-468, section 30, Laws of Florida, amended the relevant language of section 627.727, Florida Statutes (Supp. 1976), to read:

(3) For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
.....
(b) Has provided limits of bodily liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage, applicable to the injured person.