417 So.2d 705 (1982)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Joseph PIATT, Patricia Piatt, and Kimberly Piatt, Appellees.
No. 81-381.
District Court of Appeal of Florida, Third District.
July 6, 1982.
Rehearing Denied August 18, 1982.
Spencer & Taylor and W. Thomas Spencer, Miami, for appellant.
Preddy, Kutner & Hardy and Charles W. Rice, Miami, for appellees.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by Allstate Insurance Company from a summary judgment granted in favor of Joseph, Patricia and Kimberly Piatt. For the reasons which follow, we affirm in part and reverse in part.
Joseph, Patricia and their minor daughter, Kimberly, were passengers in a motor vehicle (owned and operated by Ronald Kulpeksa) which had a collision with another vehicle. The Piatts contended that the accident was caused by the negligence of Mr. Kulpeksa, who had no liability insurance. They, accordingly, sought uninsured motorist coverage from their own insurance company. Allstate insured Joseph Piatt under a single policy that covered two vehicles. The policy provided uninsured motorist coverage on both cars, with limits of liability of $50,000 each person, $100,000 each accident. *706 The trial court, in granting summary judgment, concluded that coverage existed in the amount of $50,000 per plaintiff, for a total of $150,000. In our view, this was error.
The anti-stacking provision of Section 627.4132, Florida Statutes (1977), in effect at the time of these events, provides that "... if none of the insureds or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage." Aggregation of coverage, despite the anti-stacking statute, is permitted where multiple policies are involved. See, e.g., South Carolina Insurance Company v. Kokay, 398 So.2d 1355 (Fla. 1981); United States Fidelity & Guaranty Company v. Curry, 395 So.2d 530 (Fla. 1980); Cox v. State Farm Automobile Insurance Company, 378 So.2d 330 (Fla. 2d DCA 1980); Lezcano v. Leatherby Insurance Company, 372 So.2d 214 (Fla. 4th DCA 1979). In the case sub judice, no qualifying exception exists since the Piatts paid premiums for only one policy and, therefore, Allstate's liability is only to the extent of that policy and its limitation of $100,000 per accident.
On remand, the trial court is directed to limit Allstate's coverage to the $100,000 per accident policy provision.
Allstate also assigns as error the trial court's refusal to permit a set-off of PIP payment, made previously under this policy. There is no showing of duplication of benefits and, therefore, the trial court's ruling was correct. Douglas v. Iowa National Mutual Insurance Company, 409 So.2d 1029 (Fla. 1982); Hartford Accident and Indemnity Company v. Lackore, 408 So.2d 1040 (Fla. 1982).
Affirmed in part, reversed in part and remanded for further proceedings.