PER CURIAM.
Florian Stolfi appeals from a summary judgment in favor of Prudential Property and Casualty Insurance Company. The trial court held that, as a matter of law, a policy exclusion prevented recovery of uninsured motorist benefits for injury incurred while operating an employer’s vehicle.[1] Appellant, during the course of his employment, was injured while driving a Post Office jeep. The tortfeasor was, of course, an uninsured motorist.
The law then in effect, Section 627.-727, Florida Statutes (1977), voids Prudential’s attempt to limit coverage. Johns v. Liberty Mutual Fire Insurance Company, 337 So.2d 830 (Fla. 2d DCA 1976); Cf. Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla.1971), construing similar provisions found in Section 627.0851, Florida Statutes (1969) (repealed 1971).
Appellee’s reliance on State Farm Mutual Automobile Insurance Company v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979) is misplaced. In that case, the injured party claiming uninsured motorist benefits had occupied a vehicle that was not insured.
Under Section 627.4132, Florida Statutes (1977), aggregation is allowed if the claimant is a named insured on one policy and an additional insured on another. South Carolina Insurance Company v. Kokay, 398 So.2d 1355 (Fla.1981). Given the facts present here, Stolfi is entitled to receive benefits under both policies. United States Fidelity & Guaranty Company v. Curry, 395 So.2d 530 (Fla.1981).
We conclude, therefore, the trial court erred in granting summary judgment for Prudential and, accordingly, reverse and remand with directions to enter judgment for appellant.
Reversed and remanded.

. The policy of insurance issued to Stolfi for his personal vehicle provided:
Nor will we pay for injuries suffered by anyone insured under this part if occupying or hit by a car (not covered under this part) which you don’t own if it is furnished for your regular use or for the regular use of such relatives (for example, a company car). [Emphasis in original].