446 So.2d 1085 (1984)
AMERICAN STATES INSURANCE COMPANY, Appellant,
v.
Thomas KELLEY and Deannis Kelley, Individually and As Husband and Wife, Appellees.
Nos. 83-207, 83-1200.
District Court of Appeal of Florida, Fourth District.
January 25, 1984.
Rehearings Denied April 4, 1984.
Melanie G. May of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellant.
Mark McCollem and Patrick N. Chidnese of Law Offices of Patrick N. Chidnese, Fort Lauderdale, for appellees.
LETTS, Judge.
This appeal presents the question of whether the two sole stockholders of a closely held corporation may stack their uninsured motorist coverage under a policy issued in 1980 naming the corporation as the insured. The trial court said they could. We disagree and reverse.
Back in 1980, when the subject policy was issued, the anti-stacking statute did not apply to uninsured motorist coverage. See Section 627.4132, Florida Statutes (1980). Accordingly, we are concerned here only with the status of the insureds.
To determine that status, we must decide whether the 1980 version of Section 627.4132 vitiates case law which provided that only certain classes of insureds could stack. Prior to the enactment of the anti-stacking statute, the controlling case law permitted stacking of coverage to a named or class one insured, e.g., U.S. Fidelity & Guaranty Co. v. Curry, 395 So.2d 530 (Fla. 1981), but precluded coverage if it was sought only because the claimant happened to be occupying an insured vehicle which rendered him a class two insured under Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). See also Travelers Insurance Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976) and Marks v. Travelers Indemnity Co., 339 So.2d 1123 (Fla. 3d DCA 1976).
*1086 In Mullis v. State Farm Mutual Automobile Insurance Co., supra, the Supreme Court held that there are two classes of insureds: class one, being the named insured and relatives resident in the household, and class two, being others occupying the insured vehicle with the owner's permission. The stacking principle operated fully to protect the first class but class two insureds were only eligible for qualified protection.
Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973) extended Mullis, supra, and held that a class one insured under an uninsured motorist endorsement, with stated per person, per accident limits attached to a policy covering two vehicles, could "stack" the limits for each vehicle and recover the total and that any policy provisions to the contrary were invalid. Also see, Florida Farm Bureau Casualty Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1978), cert. denied, 381 So.2d 764 (Fla. 1980).
The case law, however, draws a distinction based on whether the claimant is a named insured and the owner's coverage on a number of vehicles under one policy cannot be stacked for the benefit of a class two insured. In Travelers Insurance Co. v. Pac, supra, Mr. Pac was injured while operating a vehicle insured under a fleet policy containing uninsured motorist coverage of $10,000 on fourteen separate vehicles. He attempted to stack these coverages to compensate for his injuries. The court refused to approve stacking because Pac was a class two insured under Mullis, supra;
The Tucker opinion cites Mullis and we think the net effect of the language quoted above is that stacking is mandated only for those insureds in the first category outlined in Mullis. Stacking is derived from the presumption that when the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy extra protection for himself and his family, regardless of whether his injury occurs in any one of his insured vehicles or elsewhere. But there is no reason to apply this result to a guest or employee injured in an insured vehicle. That person has no relationship with any other insured vehicle and the coverage on the others should not inure to his benefit. (Footnote omitted).
Pac, supra, at 398. The reasoning of Pac, supra, has been followed in later cases. See United States Fidelity & Guaranty Co. v. Curry, supra; Florida Insurance Guaranty Ass'n v. Johnson, 392 So.2d 1348 (Fla. 5th DCA 1981); Liberty Mutual Insurance Co. v. Searle, 379 So.2d 131 (Fla. 4th DCA 1979); Hartford Accident and Indemnity Co. v. Richendollar, 368 So.2d 603 (Fla. 2d DCA 1979).
Because the anti-stacking statute did not expressly state that it was changing the existing case law, it appears to us that the legislature did not intend to abolish the case law on classification. State ex rel. Martin v. Michell, 188 So.2d 684 (Fla. 4th DCA 1966); Ellis v. Brown, 77 So.2d 845 (Fla. 1955). Unfortunately, there is no Supreme Court decision on the issue. Nevertheless, this court's dicta in State Farm Mutual Automobile Insurance Co. v. Lewis, 425 So.2d 603, 606 (Fla. 4th DCA 1982), indicates, we believe correctly, that the anti-stacking statute was not intended to overrule the holding of previous case law.
The final question which we must resolve is whether the claimants were class one insureds. Under the policy, a named insured is defined as the person or organization named in the policy. Here, the corporation was nominated as the only named insured, but the claimants contend that they are nevertheless class one claimants because they are its sole shareholders. The general rule is that corporations are legal entities separate and distinct from the persons comprising them. See Hanisch v. Clark, 200 So.2d 601 (Fla. 3d DCA 1967). Absent fraud, the corporate veil is not pierced. Since our Supreme Court in Travelers Ins. Co. v. Bartoszewicz, 404 So.2d 1053 (Fla. 1981), determined that corporate shareholders and employees must be specifically *1087 named in the policy and the term "named insured" has been given a restricted meaning Kohly v. Royal Indemnity Co., 190 So.2d 819 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967), it is our conclusion that the stockholders were class two insureds not entitled to stack coverage.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.