HALL, Judge.
Liberty Mutual Insurance Company appeals a summary judgment entered against it declaring it to be obligated to Lillian Ryan for personal injury protection benefits. We reverse.
Ryan, while on foot, was injured when she was struck by a motor vehicle. Because she does not own a motor vehicle for which she is required to obtain security under Florida’s Motor Vehicle No-Fault Law, Ryan sought personal injury protection benefits from the insurer of the vehicle that struck her, Liberty Mutual. § 627.-736(4)(d)(4), Fla.Stat. Liberty Mutual asserted by way of affirmative defense that Ryan was not entitled to recover personal injury protection benefits from it where such benefits are provided her by the insurer of a household relative.
At the time of Ryan’s injuries, Ryan’s son, who owned a motor vehicle that was properly insured, lived with Ryan. He had moved in with Ryan when he separated from his wife in Oklahoma. He did not report Ryan’s accident to his insurer.
Ryan filed a motion for summary judgment on the grounds that there is no issue of material fact and that she is entitled to recover personal injury protection benefits from Liberty Mutual because those benefits are not available to her under her son’s insurance policy.[1]
The trial court granted Ryan’s motion. It explained in the summary judgment that a strict construction of section 627.-736(4)(d)(3), Florida Statutes,[2] shows Liberty Mutual to be obligated to Ryan because “at the time of the incident she was not the owner of a motor vehicle or domiciled in the household of the owner of a motor vehicle who might have the obligation to provide personal injury protection benefits....”
3.Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.7405.
In this appeal of the summary judgment Liberty Mutual contends that the trial court misconstrued the term owner’s household in section 627.736(4)(d)(3). Liberty Mutual argues that the legislature did not intend through its use of that term to limit insurers’ obligations only to situations where the insureds are the heads of the household. We agree.
We believe the legislature intended by enactment of section 627.736(4)(d)(3) to require insurers to provide personal injury protection benefits to any relatives of insureds domiciled in the same household as the insureds when those relatives have been injured as pedestrians and do not own a motor vehicle for which security is required. Main Insurance Co. v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977). Indeed, this intent is revealed in subsection (1) of section 672.736:
REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle,....
(Emphasis added).
Our determination that Florida Statute 627.736(4)(d)(3) does not limit coverage *737 to situations where the insured is the head of a household raises the possibility that the son’s insurance policy may provide benefits to Ryan if he was domiciled in her home. The evidence presented at the hearing for summary judgment is that the son is separated from his wife in Oklahoma, lived in New York prior to residing with his mother, and has not notified his insurance company of any change of address. His domicile is a question of fact to be determined by the trier of fact.
As long as there is a genuine issue of material fact left for the determination by the trier of fact, summary judgment is precluded.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.

. The evidence shows that the son’s insuror declined to state whether it would provide Ryan such benefits because the accident had not been properly reported to it.

. Section 627.736(4)(d)(3) provides as follows:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
[[Image here]]