Joey Falany Board Chairman Taylor County Construction Industry Licensing Board
QUESTION:
1. Does a corporation qualify for an owner/builder exemption under s. 489.103(7), F.S., when building or improving a commercial building at a cost of $25,000 or less? 2. Must a county licensing board created by ordinance conduct its hearings and exercise its powers pursuant to ss. 162.07 and 162.08, F.S., as required by s.489.127(3)(c)1., F.S.?
SUMMARY: 1. Corporations are unable to qualify for the owner/builder exemption under s. 489.103(7), F.S., as they lack the ability to personally appear and sign the building permit as required therein and would necessarily have to rely upon an agent or employee to build or improve their property. 2. In the event a county does not exercise its option to designate code inspectors to enforce the provisions of s. 489.127, F.S., as provided therein, against persons who contract without being registered or certified, the requirements of s. 489.127, F.S., are not otherwise binding upon a county or municipality.
AS TO QUESTION 1:
Part I, Ch. 489, F.S., requires the licensure of any person who engages in contracting.[1] Among several exemptions to this licensing requirement, however, is one for the owners of property. Specifically, s. 489.103(7),[2] F.S., states that Part I, Ch. 489, F.S., does not apply to:
 Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving farm out-buildings or one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale or lease, or building or improving commercial buildings at a cost of under $25,000 on such property for the occupancy or use of such owners and not offered for sale or lease. . . . This subsection does not exempt any person who is employed by such owner and who acts in the capacity of a contractor. For the purposes of this subsection, the term "owners of property" includes the owner of a mobile home situated on a leased lot. To qualify for exemption under this subsection, an owner must personally
appear and sign the building permit application. . . . (e.s.)
A corporation is a legal entity created by law separate and distinct from the persons comprising it.[3] As an artificial entity, a corporation may only act through its agents.[4]
While a corporation may own property, employ individuals and enter into contracts,[5] it does not exist personally to do so. A corporation does not physically exist to construct or supervise the construction of a building. Rather it must rely upon agents or employees to carry out such functions. Such reliance excludes the corporation from the owner/builder exemption in s. 489.103(7), F.S., which states that it does not apply to any person who is employed by an owner and acts in the capacity of a contractor. Furthermore, a corporation lacks the ability to personally appear and sign the building permit.
Accordingly, a corporation may not use the owner/builder exemption in s. 489.103(7), F.S., but must employ licensed contractors to build or improve a commercial building at a cost of $25,000 or less.
AS TO QUESTION 2:
Section 489.127(1)(f), F.S., prohibits any person from engaging in the business or acting in the capacity of a contractor or advertising himself or a business organization as available to engage in the business or act in the capacity of a contractor without being duly registered or certified. Counties and municipalities have the option to designate code inspectors,[6]
"to enforce, as set out in this subsection, the provisions of paragraph(1)(f) against persons who engage in activity for which certification or registration under this part is required."[7]
You state that Taylor County has not adopted an ordinance implementing the enforcement provisions in s. 489.127, F.S. You ask, therefore, whether a local licensing board must follow the requirements of ss. 162.07 and 162.08, F.S.,[8] as prescribed in s. 489.127(3)(c)1., F.S.
Section 489.127(3), F.S., addresses only those counties and municipalities which have exercised the option to enforce the provisions of s. 489.127(1)(f), F.S., as provided therein.[9]
Since Taylor County has not adopted an ordinance implementing the procedures in s. 489.127, F.S., the local licensing board would not be subject to its terms. If the board is created by an ordinance, it may exercise its enforcement powers as provided therein. Furthermore, I would note that counties, municipalities and local licensing boards created by special act may issue cease and desist orders to prohibit any person from engaging in the business of contracting who does not hold the requisite certification or registration.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 489.113(1), F.S.
[2] As amended by s. 38, Ch. 90-228, Laws of Florida.
[3] See, American States Insurance Company v. Kelley,446 So.2d 1085 (4 D.C.A. Fla., 1984).
[4] See, Palazzo v. Gulf Oil Corporation,764 F.2d 1381 (11th Cir. Fla., 1985) (corporation as artificial entity that can act only through its agents cannot appear pro se in a judicial case, but must be represented by counsel).
[5] See generally, s. 607.011, F.S., enumerating the general powers of corporations.
[6] Section 162.04(2), F.S. defines "[c]ode inspector" to mean "amy authorized agent or employee of the county or municipality whose duty it is to assure code compliance."
[7] Section 489.127(3), F.S.
[8] Section 162.07, F.S., prescribes the procedure for conducting hearings by local government code enforcement boards created pursuant to CH. 162, F.S. Section 162.08, F.S., sets forth the powers of local government code enforcement boards created under Ch. 162, F.S.
[9] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (when a statute sets forth those things upon which it is to operate, it is normally construed as excluding from its operation all things not expressly mentioned).